**DANAHY PACKING CO. v. McGOWAN, Individually and as Collector of Internal Revenue.**

**WASHBURN CROSBY CO., Inc., v. SAME.**

**Nos. 1972, 1975.**

District Court, W. D. New York.

Oct. 24, 1935.

See, also, 11 F. Supp. 920.

John W. Ryan, of Buffalo, N. Y., for plaintiff Danahy Packing Co.

Locke, Babcock, Hollister & Brown, of Buffalo, N. Y. (Charles B. Rugg, of Boston, Mass., of counsel), for plaintiff Washburn Crosby Co., Inc.

Frank J. Wideman, Asst. Atty. Gen., and George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

The above-entitled actions, and others in which similar relief is sought, have been brought to obtain decrees enjoining the defendant from the collection of processing taxes assessed under the Agricultural Adjustment Act for a declaratory judgment declaring such act unconstitutional. On August 2, 1933, upon the applications of these plaintiffs, and after a hearing in which the defendant opposed the applications and moved to dismiss the bills of complaint herein, this court granted temporary injunctions restraining the collection of such taxes pending the final determination of the suits, and granted to the defendant twenty days in which to make answers. On August 24, 1935, certain amendments to the Agricultural Adjustment Act became effective. Thereafter the plaintiffs served supplemental bills of complaint. No answers have been served. The defendant now moves to vacate and dissolve the temporary injunctions heretofore granted. The grounds upon which the motions are made are the grounds urged on the motions to dismiss the original bills of complaint and the further ground that the basis for the relief prayed in the original bills of complaint no longer exists, but that on the contrary the amended act makes specific provision for suits at law to recover on claims for refund of processing taxes exacted illegally.

The respective attorneys have presented the issues by able oral arguments and briefs. Many opinions of the courts respecting the right of parties to injunctive relief pendente lite upon the showing of facts comparable to those herein have been carefully reviewed and weighed. It does not seem necessary now to present any detailed analysis of these. In this respect it

is sufficient to say that, in my opinion, the weight of authority sustains the right to temporary injunctive relief.

My decision heretofore rendered, granting temporary injunctions in these cases, was based on considerations other than alleged threatened legislation alone. While the alleged threatened legislation was not enacted into law, the amendments adopted emphasize the doubt that the plaintiffs have a clear and adequate remedy at law.

■ The amended bills of complaint allege, in effect, that the plaintiffs will be unable to prove whether the tax imposed is included in the price of its product or passed on to its vendees. For the purposes of this motion, such allegation must be taken to be true.

Section 21 (d) (1) of the amended act (7 USCA § 623 (d) (1), among other things, purports to preclude a recovery of any refund unless it is shown that the claimant has not "included such amount in the price of the article with respect to which it was imposed or of any article processed from the commodity with respect to which it was imposed, or passed on any part of such amount to the vendee or to any other person in any manner." The section further provides for a hearing on the claim, upon notice, before the Commissioner of Internal Revenue, that claimant's right to recovery shall be established to the satisfaction of the Commissioner, and that, "in any judicial proceeding relating to such claim, a transcript of the hearing before the Commissioner shall be duly certified and filed as the record in the case and shall be so considered by the court."

The amendment applies to taxes imposed before, as well as after, its enactment. The Federal Constitution protects one against the taking of his property without due process of law (Amendment 14, § 1). It seems to me that there is grave question whether the restrictions in this amendment do not violate the property rights of these plaintiffs. At the least it must be said that any reasonable interpretation of the procedure sought to be laid down by this amendment is so vague and indefinite as to leave uncertain the remedy obtainable.

■ Section 21 (d) (1) of the amended act is applicable only to taxes imposed. Section 21 (a) of the Agricultural Adjustment Act, as amended (7 USCA § 623 (a), is a reenactment in substance of section 3224 of the Revised Statutes (26 USCA § 1543),

with an additional provision purporting to prevent recovery of a declaratory judgment in connection with taxes such as are imposed here. There seems to be no question of the right of Congress to enact legislation doing away with any right to a declaratory judgment in the pending suits. However, this alone does not affect the right of the plaintiffs to recover judgments in the ordinary equity procedure.

■ For the reasons assigned in my prior opinion, irrespective of the question of threatened legislation, and for the further reason that plaintiffs' remedies in suits at law are of doubtful availability, I find that there are such "extraordinary and exceptional circumstances" in these suits as to render the provisions of section 3224, Revised Statutes, and section 21 (a) of the Agricultural Adjustment Act, as amended, inapplicable, and that to preserve the rights of the plaintiffs the temporary injunctions should be continued and the motions dismissed.